UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABRAHAM SCHWARTZ,                                      Case No. 23-CV-06870-KMK-AEK

                           Plaintiff,                **PLAINTIFF'S NOTICE**
    -against-                                                 **FOR PRODUCTION**

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

                         Defendant.
------------------------------------------------------------X

       The Plaintiff ABRAHAM SCHWARTZ, (hereinafter "SCHWARTZ" or "Plaintiff"), by his attorneys The Law Office of Mitchell Winn, PLLC, as and for his Notice for Production pursuant to FRCP 34, demands that the Defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, OF AMERICA (hereinafter "BERKSHIRE" or "Defendant") produce, on or before the date set forth in this request for inspection and copying by the Plaintiff, at the LAW OFFICE OF MITCHELL J. WINN, PLLC, 300 Garden City Plaza, Suite 226, Garden City, New York, New York 11530 all of the documents listed below in the said Defendant's possession, custody or control.

       **PLEASE TAKE FURTHER NOTICE** that said Defendant may comply with this request by forwarding a copy of any document or other item requested to counsel for the Plaintiff postmarked prior to the date for which production has been designated, together with a letter from Defendant's attorney advising as to the completeness of the items provided. You are also requested to make an appropriate designation as to the paragraph pursuant to which each document or other item is produced. If a document or other item is produced pursuant to more than one paragraph, the designation should so indicate.

       **PLEASE TAKE FURTHER NOTICE** that the Defendant is hereby required to produce on the trial of this action the originals of any documents or other items requested herein and upon the Defendant's failure to do so, parole or secondary evidence thereof and of the contents of the

same will be given.

**PLEASE TAKE FURTHER NOTICE**, that the Plaintiff will object to the introduction of any mentioned documents into evidence at trial if the Defendant fails to comply with this Notice of discovery and Inspection.

## DEFINITIONS AND INSTRUCTIONS

1. "Documents" means every means by which information is recorded or transmitted within the scope of FRCP 26(a)(2), 26(a)(3) and 26(b), including, but not limited to the following items: agreements, communications, correspondence, electronic communication or other "E-Mail", electronic or computer media or notes, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

2. "All" means "any and all."

3. "And" and "or" means "and/or."

4. All words used in the singular include their plural and all words used in the plural include their singular.

5. The term "Defendant" includes the Defendant BERKSHIRE, its principals, partners, officers, directors, subsidiaries, agents, subdivisions, agents, departments, and/or employees.

6. If any documents covered hereunder are withheld from production, furnish a list of all such documents, including:

   (a)   its title (if any),

 (b) its subject matter,

 (c) the identity of each attachment or appendices to the document,

 (d) the name and identification of each person to whom it is addressed,

 (e) the name and identification of each person to whom the document was distributed, shown or explained,

 (f) the name and identification of the person or persons by whom it was written,

 (g) its present custodian and (is) the ground or grounds upon which it is being withheld.

If a privilege is asserted as a ground for not producing, or otherwise responding to, a production request in whole or in part describe the factual basis for the claim of privilege and the client upon whose behalf such privilege is claimed in sufficient detail as to permit the Court to adjudicate the validity of the claim of privilege.

7. This document shall be deemed continuing so as to require further and supplemental production if the Defendant receives or generates additional documents between the time of original production and the time of the trial of this action.

<b><u>DOCUMENT REQUEST</u></b>

**Place of Discovery:**  LAW OFFICE OF MITCHELL J. WINN, PLLC
300 Garden City Plaza, Suite 226
Garden City, New York 11530
(516) 385-6300

**Date and Time of Discovery:**  September 25, 2023, at 10:00 a.m.

ITEMS TO BE PRODUCED RELATING TO CLAIM FOR DISABILITY BENEFITS WHICH AROSE ON OR ABOUT NOVEMBER 6, 2022:

**1. RELEVANT DOCUMENTS:**

Any and all records, business documents, and memoranda compiled, promulgated, entered, or otherwise kept within the dominion and control of Defendant pertaining to and including the

following:

A.      All Underwriting file(s) created by with regard to Plaintiff.

B.      All policies of insurance issued to Plaintiff.

C.      All Claims files created by with regard to Plaintiff, including but not limited to "Special Investigation Unit" or outside investigator files and/or reports.

D.      All written communications to or from Plaintiff, including but not limited to notices of refusal to cover Plaintiff's claim of loss, or notices of non-renewal.

E.      Notes or other records of oral communications to or from Plaintiffs.

F.      Notes or other records of oral communications to or from Defendant, its agent(s), servant(s), partner(s), principals(s) or employee(s), of or concerning Plaintiff, his claim(s), medical or psychological condition, coverage(s), or policy(ies) of insurance.

G.      Agency or other agreements in force between Defendant and any other entity of or concerning Plaintiff's insurance policy in effect during the calendar year(s) 2022 and/or 2023.

**3.     STATEMENTS**

(a) Any and all statements, abstracts of recordings and/or writings taken by the Defendant or by the Defendant's attorney, and/or agents, from the Plaintiff with reference to the subject(s) of the within litigation which are presently in the possession of the Defendant or said Defendant's attorneys.

(b) A copy of any written statement given by or on behalf of the Plaintiff, whether signed or unsigned, or transcribed or recorded electronically.

(c) Any statements, whether written, oral or electronic from any other person concerning the complained of loss, claim, and/or of notice regarding same, to Defendant.

**4.     PICTURES, ETC., OF LOSS SITE**

Produce and provide copies of any and all photographs, slides, videotapes, or motion pictures in

Defendant or their attorneys' custody or control depicting:

(a) The scene of the loss;

(b) The condition(s) which caused or contributed to the loss;

(c) The damages to the Plaintiff; and

(d) The persons who may have been responsible for the loss;

If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

## 5. WITNESSES

The names and addresses of each person known to or claimed by you or any party you represent in this action to be a witness to:

(a) The occurrence alleged in the complaint;

(b) Notice of same to Defendant;

(c) First-hand knowledge of the fact and circumstances regarding this occurrence;

(d) Any acts, omissions, or conditions which allegedly caused the loss alleged in the complaint;

(e) The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint, or which support any affirmative defense asserted in this litigation.

(f) Any admissions of the Plaintiffs or their agents or employees.

(g) Any statements against interest of the Plaintiffs or their agents or employees.

If no such witnesses as to each of the above requests are known to the Defendant, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

## 6. EXPERT WITNESSES

The name and address of any expert, medical or otherwise with whom Defendant or Defendant's

attorneys have consulted in this action and/or whom the Defendant will call to testify as an expert witness at the trial of this action.

(a) Identify each person, the party upon whom this request is served, expects to call as an expert witness at the time of the action.

(b) The subject matter in reasonable detail, on which each expert named above is expected to testify at the trial of this action.

(c) The substance of the facts and opinions on which each expert named above is expected to testify at the trial of this action.

(d) The complete qualifications of each expert named above.

(e) A summary of the grounds for the opinion for each expert named above.

7. **OTHER DOCUMENTS**

(a) Claim files involving claims and/or causes of action concerning the same policy(ies) of insurance coverage as alleged in the Complaint herein, for the entire period from the inception of said policy(ies) to the present, which policy(ies) form the subject matter of this action. *See, Eisenbraun v. City of New York*, 2 Misc.2d 981, 159 N.Y.S.2d 73 (1955); *Hoenig v. Westphal*, 52 N.Y.2d 605, 439 N.Y.S.2d 831 (Ct.App. 1981); *Dattmore v. Eagan Real Estate, Inc.*, 112 A.D.2d 800, 492 N.Y.S.2d 302 (Fourth Dept. 1985); *Manning v. Pathmark, Inc.*, 191 A.D.2d 319, 595 N.Y.S.2d 45 (First Dept. 1993).

**PLEASE TAKE FURTHER NOTICE**, that each of the foregoing requests are continuing as to any matters or information requested herein which may become available for discovery at a future time in this action.

Dated:     Garden City, New York
             August 18, 2023

                                         Yours, etc.,

                                         LAW OFFICE OF MITCHELL J. WINN

                                         By: _____
                                         Mitchell J. Winn (85;6966)
                                         Attorney for Plaintiff ABRAHAM SCHWARTZ
                                         300 Garden City Plaza, Suite 226
                                         Garden City, New York 11530
                                         (516) 385-6300


To: ROBINSON & COLE, LLP
Attorneys for Defendant BERKSHIRE LIFE
        INSURANCE COMPANY OF AMERICA
2055 WASHINGTON BOULEVARD
Stamford, CT 06901
(203) 462-7500

## *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK }

COUNTY OF NASSAU } ss.:

MAXINE H. KENIG, being duly sworn, deposes and says as follows:

I am not a party hereto, am over the age of eighteen, and reside at Roslyn Heights, New York.

On the 18 day of August, 2023 I served the annexed

PLAINTIFF'S NOTICE FOR PRODUCTION

by depositing a true copy of same in a receptacle under the exclusive care and jurisdiction of the United States Postal Service, first class postage prepaid, addressed as follows:

Robinson & Cole LLP
Attorneys for Defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
1055 Washington Boulevard
Stamford, CT 06901

_____
MAXINE KENIG

Duly sworn to before me this
18 day of August, 2023

_____
Notary Public

Mitchell J Winn, Notary Public
State of New York
No. 02WI4882349,
Qualified in Nassau County
Commission Expires February 14, 2027