UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABRAHAM SCHWARTZ,

                                    Plaintiff,

     -against-

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

                Defendant.
------------------------------------------------------------X

Case No. 23-CV-06870-KMK-AEK

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff ABRAHAM SCHWARTZ (hereinafter "Plaintiff" or "SCHWARTZ"), by and through his attorneys, the Law Office of Mitchell J. Winn, PLLC, requests that Defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA (hereinafter "Defendant" or "BERKSHIRE") respond to the below Interrogatories in writing and under oath within thirty (30) days after service of these Interrogatories.

## INSTRUCTIONS

A.    The information requested in these interrogatories is amplified by the Definitions and Instructions, and each interrogatory should be interpreted and answered in the context of the Definitions and Instructions.

B.    Each interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as fully as possible. The omission of any name, fact, document or other item of information from the answer or response shall be deemed a representation by you, that such name, fact, document, or item of information is not known to you.

C.    No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege shall be stated.

D.   If any of the answers to these interrogatories may be derived from papers, records or documents in the Defendant's possession or under the Defendant's control, please attach a copy of same to Defendant's answers or, in the alternative, please describe each of the documents with specificity and state when and where they will be available to counsel for Plaintiff for inspection and copying.

E.   Whenever the context in which words used in these interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural, and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

F.   Whenever the context in which words used in these interrogatories indicates or suggests that such is the intent, the past tense includes the present tense and vice versa.

G.   These interrogatories are of a continuing character. If additional information within the scope of any interrogatory becomes available to the Defendant after the Defendant serves an answer hereto, Defendant shall furnish such additional information by way of supplemental answers.

## DEFINITIONS

H.   The phrase "Defendant" or "BERKSHIRE" or "you" shall mean the Defendant in this action, BERKSHIRE, its consultants, representatives, agents and attorneys, and all other persons acting or purporting to act on Defendant's behalf.

I.   The phrase "the Policy" shall mean the Disability Income Policy of insurance, number Z-1340800 renewed and effective to and including July 9, 2023, insuring the Plaintiff.

J.   The term "communication" shall mean any disclosure, transfer, or exchange of information or opinion, however made.

K.   The term "document" shall mean any written, recorded or graphic material of any kind, whether prepared by you or by any other person or entity, that is in your possession, custody, or control. The term includes: agreements; contracts; letters; memoranda; reports; records; instructions; notes; photographs; photocopies; descriptions; drafts, whether or not they resulted in a final document; minutes

of meetings, conferences, and telephone or other conversations or communications; recordings; phone mail; electronic mail; e-mail; and phone texts. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term "document" also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with all instructions and all other materials necessary to use or interpret such data compilations.

L. The terms "relate(s) to, "related to," or "relating to" mean constitutes, comprises, contains, consists of, sets forth, proposes, shows, discloses, describes, discusses, mentions, explains, summarizes, concerns, reflects, authorizes, implicates, concerns, addresses, pertains to, or refers to directly or indirectly.

M. With respect to written communications and/or documents, the term "identify" means to give the date, title, origin, author (if any), addresses (if any), the identity of all persons who received copies of it; and to describe any documents which may make it up in whole or in part; "identify" with respect to documents further means to state how the document was transmitted (e.g., by first class mail, overnight mail, email, hand delivery, etc.), by whom transmitted; "identify" with respect to documents further means to describe a document sufficiently well to enable either a requesting party or a retrieving party to know what the document is and to retrieve it from a file or wherever it is located; "identify" with respect to documents further means to describe it in a manner suitable for use as a description in a subpoena; "identify" with respect to documents means to give the name, address, position or title of the person(s) who has custody of the document and/or control thereof; and "identify" with respect to documents means to state whether or not it is in the possession of and/or subject to the control of the plaintiffs.

N. "Identify" when used in reference to an individual person means to state his (her) full name, date of birth, present residence address, all residence addresses for the past five years, present occupation, and present marital status; in the case of a person who is married, their pre-marital name(s) if different from their married name; his (her) present or last known business address; his (her) present employer and position with such employer; whether ever employed by any party to this action and, if so, state the dates he (she) was employed by such party, the name if such party, and the last position held as an employee of such party.

O. With respect to a firm, organization, partnership, association, or corporation whose identity is sought the term "identify" means to state the name of the firm, organization, partnership, association, or corporation; the type of entity (e.g., whether a corporation, partnership, etc.); the address of its principal place of business and all other business addresses; if a corporation, the state or district where incorporated and the date incorporated.

P. "Identify" when used with reference to oral communication means to state:(1) the identity of the persons(s) participating in each such oral communication, (2) the substance of each oral communication made by each person identified, (3) to whom each such oral communication was made, (4) the date(s) of each such oral communication, (5) the location where such oral communication was made, (6) whether made by telephone and, if so, the identity of the party making the call, the identity of the party to whom made, from where made, and to where made, (7) whether there were any witnesses, and (8) whether there are any documents constituting notes, memoranda or other evidence of such oral communication and, if so, identify such documents.

Q. "State" means to set forth fully and unambiguously every fact relevant to the answer to the interrogatory of which Defendant has knowledge, and to:

    i. set forth all facts of which Defendant has knowledge which form the basis of their allegation; and

ii. where acts or activities are involved, identify all persons who performed each act, the person on whose behalf such acts were performed, and the date and nature of each act; and

iii. identify all documents relating to the facts or acts described in answer to the relevant interrogatory; and

iv. identify all oral communications relating to the facts or acts described in answer to the relevant interrogatory; and

v. identify all persons having knowledge of the facts or acts described in answer to the relevant interrogatory; and

vi. identify the source of the information set forth and the date on which the information was communicated to the affiant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1. Identify the persons responsible for or consulted with in connection with the preparation of your responses to these interrogatories and your responses to Plaintiff's First, Second and Third Notices for Production previously served.

2. As to the allegations in the First Defense asserted in Defendant's Answer, specify the specific terms, conditions, limitations and/or exclusions of the Policy upon which Defendant will rely, and how each said Policy provision is applicable to Plaintiff's claim.

3. As to the allegations in the Second Defense asserted in Defendant's Answer, specify:

   i. the date and contents of any demand for Proof of Loss,

   ii. all response(s) to said demands, and

   iii. the manner in which said response(s) are not "adequate".

4. As to the allegations in the Third Defense asserted in Defendant's Answer, set forth:

   i. the specific factual basis for the claim of estoppel, including the date, addressor, addressee and contents of all representations made by Plaintiff upon which Defendant

relied,

ii. to whom each such representation(s) was made; and

iii. the manner in which said representation was relied upon by Defendant.

5. As to the allegations in the Fourth Defense asserted in Defendant's Answer, set forth exactly was is missing from Plaintiff's pleading to support the allegation that Plaintiff has failed to state a claim for a declaration regarding future benefits under the Policy.

6. As to the allegations in the Fifth Defense asserted in Defendant's Answer, set forth the specific facts and circumstances supporting the allegation that Defendant acted in accordance with the Policy.

7. As to the allegations in the Sixth Defense asserted in Defendant's Answer, set forth exactly was is missing from Plaintiff's pleading to support the allegation that Plaintiff has failed to state a claim for recovery of attorneys' fees.

This is a continuing discovery demand which should be supplemented when and if additional information on any of the above is obtained.

Dated: Garden City, New York
November 19, 2023

Yours, etc.,

LAW OFFICE OF MITCHELL J. WINN

By: _____
Mitchell J. Winn (856966)
Attorney for Plaintiff ABRAHAM SCHWARTZ
300 Garden City Plaza, Suite 226
Garden City, New York 11530
(516) 385-6300

To: ROBINSON & COLE, LLP
Attorneys for Defendant BERKSHIRE LIFE
    INSURANCE COMPANY OF AMERICA
2055 WASHINGTON BOULEVARD
Stamford, CT 06901
(203) 462-7500

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK }

COUNTY OF NASSAU } ss.:

MAXINE H. KENIG, being duly sworn, deposes and says as follows:

I am not a party hereto, am over the age of eighteen, and reside at Roslyn Heights, New York.

On the 19 day of November, 2023 I served the annexed

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

by depositing a true copy of same in a receptacle under the exclusive care and jurisdiction of the United States Postal Service, first class postage prepaid, addressed as follows:

Robinson & Cole LLP
Attorneys for Defendant BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
1055 Washington Boulevard
Stamford, CT 06901

_____
MAXINE KENIG

Duly sworn to before me this
19 day of November, 2023

_____
Notary Public

MITCHELL J. WINN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI4882349
Qualified in Nassau County
Commission Expires February 24, 2023 2027

Mitchell J. Winn, Esq. (85:6966)
LAW OFFICE OF MITCHELL J. WINN, PLLC
300 Garden City Plaza, Suite 226
Garden City, New York 11530
Phone: (516) 385-6300
Fax:   (516) 626-0565

IN THE UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
ABRAHAM SCHWARTZ,

                                                        Plaintiff,    Case No. 23-CV-06870-KMK-AEK

-against-

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

                                                        Defendant.
-------------------------------------------------------------------X

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

**LAW OFFICE OF MITCHELL J. WINN, PLLC**
Attorneys for Plaintiff ABRAHAM SCHWARTZ

_____
MITCHELL J. WINN (85:6966)

Dated:  November 19, 2023
             Garden City, NY